Peter Kober, Esq.
006481979
Kober Law Firm, LLC
1876 Greentree Rd
Cherry Hill, NJ 08003
856-761-5090
Attorney for Plaintiff, Mark Woloshin

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

_____

| | |
|---|---|
| MARK WOLOSHIN, | |
| Plaintiff | Civil Action No. 1:16-cv-01982-JHR-AMD |
| v. | **AMENDED COMPLAINT** |
| NEW JERSEY TRANSIT BUS OPERATIONS and UNKNOWN OPERATOR OF BUS 6002, | |
| Defendants | Jury trial [x] yes   [ ] no |

## PARTIES

1. Plaintiff, MARK WOLOSHIN, is an individual who resides at 421 State Street, Apartment B, in the City of Camden, County of Camden, and State of New Jersey, 08102
2. Defendant, NEW JERSEY TRANSIT BUS OPERATIONS, is a public entity, which has offices at 350 Newton Avenue, in the City of Camden, County of Camden, and State of New Jersey, 08103.
3. Defendant, UNKNOWN OPERATOR OF BUS 6002, is an individual who was employed by Defendant, NEW JERSEY TRANSIT BUS OPERATIONS, with offices at 350 Newton Avenue, in the City of Camden, County of Camden, and State of New Jersey, 08103.

## JURISDICTION

4. The basis for jurisdiction in this case is FEDERAL QUESTION, under 28 U.S.C. Section 1331 and Section 1343.

## STATEMENT OF THE CASE

5. Plaintiff, MARK WOLOSHIN, is and was at all times relevant to this cause of action a disabled individual as a result of being deaf of hearing.

6. On June 3, 2015, at 3:54 P.M., Plaintiff, MARK WOLOSHIN was at the bus stop on Broadway between Federal Street and Martin Luther King Boulevard, accompanied by his young son and in possession of a small child's bicycle.

7. There he was awaiting the approach of the northbound 452 bus which he intended to board with his young son and ride home.

8. Bus No. 6002 pulled up to the curb at the bus stop at 3:54 P.M. which was the scheduled time.

9. Bus No. 6002 was operated by the Defendant, UNKNOWN OPERATOR OF BUS 6002, who was at the time an employee of Defendant, NEW JERSEY TRANSIT BUS OPERATIONS, which is a public entity charged with responsibility for the operation of buses for the public to ride in, and such buses and bus stops are therefore a public accommodation under federal and state law.

10. Plaintiff, MARK WOLOSHIN, knew how to load a small child's bicycle onto the bicycle rack on the front of the bus, having done so many times previously.

11. On this occasion Plaintiff, MARK WOLOSHIN, started to load the small child's bicycle onto the bicycle rack on the front of the bus.

12. When Plaintiff, MARK WOLOSHIN, started to load the small child's bicycle onto the bicycle rack on the front of the bus, the Defendant, UNKNOWN OPERATOR OF BUS 6002 started berating him, not realizing he was deaf.

13. Plaintiff, MARK WOLOSHIN, then showed the Defendant, UNKNOWN OPERATOR OF BUS 6002 a card that he carries, stating that he is deaf.

14. The Defendant, UNKNOWN OPERATOR OF BUS 6002 should have realized, by reading the card, that Plaintiff, MARK WOLOSHIN, was deaf.

15. After looking at the card, the Defendant, UNKNOWN OPERATOR OF BUS 6002 kept berating him, as if Defendant, UNKNOWN OPERATOR OF BUS 6002, did not realize or was deliberately indifferent to the fact that he was deaf.

16. The Defendant, UNKNOWN OPERATOR OF BUS 6002 made motions to indicate to him that he was not allowed to put the small child's bicycle on the front of the bus, while continuing to berate him.

17. The Defendant, UNKNOWN OPERATOR OF BUS 6002 made no effort to attach the small child's bicycle onto the front of the bus himself.

18. Plaintiff, MARK WOLOSHIN then tried to carry the small child's bicycle onto the bus himself.

19. The Defendant, UNKNOWN OPERATOR OF BUS 6002 made motions to indicate to him that he was not allowed to carry the small child's bicycle onto the bus himself, while continuing to berate him.

20. The UNKNOWN OPERATOR OF BUS 6002 made no effort to carry the small child's bicycle onto the bus himself.

21. Plaintiff, MARK WOLOSHIN was denied entry onto the bus by the Defendant, UNKNOWN OPERATOR OF BUS 6002, as was his young son.

22. The Defendant, UNKNOWN OPERATOR OF BUS 6002 closed the door, accelerated the engine, and pulled away from the curb. Plaintiff, MARK WOLOSHIN, and his young son were left standing on the curb.

23. Plaintiff, MARK WOLOSHIN, was an otherwise qualified individual to ride Defendant, NEW JERSEY TRANSIT BUS OPERATIONS' bus on June 3, 2015.

24. Plaintiff, MARK WOLOSHIN, was discriminated against by the Defendant, UNKNOWN OPERATOR OF BUS 6002 on June 3, 2015, by being denied entry onto the bus, because he could not hear the orally given directives of the Defendant, UNKNOWN OPERATOR OF BUS 6002, and because he could not express himself orally to the Defendant, UNKNOWN OPERATOR OF BUS 6002, all solely by reason of his being deaf.

25. Defendant, UNKNOWN OPERATOR OF BUS 6002, had an obligation under federal and state law to reasonably modify his method of communication with Plaintiff to effectively convey his instructions to Plaintiff once he learned or should have realized that Plaintiff was a deaf individual.

26. Defendant, UNKNOWN OPERATOR OF BUS 6002, failed to meet his obligation under federal and state law to reasonably modify his method of communication with Plaintiff to effectively convey his instructions to Plaintiff and by so failing to reasonably modify his method, acted intentionally or with deliberate indifference to the high degree of probability that emotional distress would follow, and treated Plaintiff disparately from hearing riders of the bus.

27. Defendant, NEW JERSEY TRANSIT BUS OPERATIONS is vicariously liable for the failures, violations of law, and tort(s) committed by its employee, Defendant UNKNOWN OPERATOR OF BUS 6002.

28. Defendant, NEW JERSEY TRANSIT BUS OPERATIONS, was a recipient of federal funds.

3

29. Defendant, UNKNOWN OPERATOR OF BUS 6002's conduct was outrageous, and the resulting emotional distress suffered by Plaintiff was so severe that no reasonable person could be expected to endure such distress.

INJURIES

30. As a direct and proximate result of the acts of Defendants, NEW JERSEY TRANSIT BUS OPERATIONS and UNKNOWN OPERATOR OF BUS 6002, Plaintiff, MARK WOLOSHIN, has suffered substantial mental and emotional distress and anguish, so severe that no reasonable person could be expected to endure such distress.

COUNT I

SECTION 504 VIOLATIONS OF DEFENDANT

NEW JERSEY TRANSIT BUS OPERATIONS

31. The acts of Defendant, NEW JERSEY TRANSIT BUS OPERATIONS violated Plaintiff, MARK WOLOSHIN's rights under the laws of the United States, particularly his rights under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Section 794.

COUNT II

TITLE II VIOLATIONS OF DEFENDANT

NEW JERSEY TRANSIT BUS OPERATIONS

32. The acts of Defendant, NEW JERSEY TRANSIT BUS OPERATIONS violated Plaintiff, MARK WOLOSHIN's rights under the laws of the United States, particularly his rights under Title II of the Americans with Disabilities Act, 42 U.S.C. Section 12,131 et seq.

COUNT III

NJLAD VIOLATIONS OF DEFENDANTS

NEW JERSEY TRANSIT BUS OPERATIONS AND

UNKNOWN OPERATOR OF BUS 6002

33.  The acts of Defendants, NEW JERSEY TRANSIT BUS OPERATIONS and UNKNOWN OPERATOR OF BUS 6002 violated Plaintiff, MARK WOLOSHIN's rights under the laws of New Jersey, particularly his rights under the Law Against Discrimination, N.J.S.A. 10:5-4 and N.J.S.A. 10:5-12f.(1).

COUNT IV

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

BY DEFENDANTS NEW JERSEY TRANSIT BUS OPERATIONS

AND UNKNOWN OPERATOR OF BUS 6002

34.  The acts of Defendants, NEW JERSEY TRANSIT BUS OPERATIONS and UNKNOWN OPERATOR OF BUS 6002 constituted the tort of intentional infliction of emotional distress for which the Defendants, NEW JERSEY TRANSIT BUS OPERATIONS and UNKNOWN OPERATOR OF BUS 6002 are liable in damages.

RELIEF SOUGHT

WHEREFORE, Plaintiff, MARK WOLOSHIN, requests judgment against Defendant, NEW JERSEY TRANSIT BUS OPERATIONS for compensatory damages, punitive damages, reasonable attorney's fees, and costs of suit.

JURY DEMAND

Plaintiff requests a trial by jury of all issues which are triable by a jury.

                              Respectfully submitted,

                                s/ Peter Kober

                              Peter Kober, Esq.

DATED:  MAY 26, 2016