UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARK WOLOSHIN, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 16-1982 |
| v. | : | |
| | | OPINION |
| NEW JERSEY TRANSIT BUS OPERATIONS and UNKNOWN OPERATOR OF BUS 6002, | : | |
| | : | |
| Defendants. | : | |

This matter is before the Court on a motion to dismiss Plaintiff's Amended Complaint. The Court has reviewed the submissions and decides the matter based on the briefs pursuant to Fed. R. Civ. P. 78(b). For the reasons stated here, the motion will be granted.

Background

Plaintiff Mark Woloshin, a deaf individual, alleges that on June 3, 2015 at 3:54 P.M., he and his young son, in possession of a small child's bicycle, were waiting at the bus at the stop on Broadway between Federal Street and Martin Luther King Boulevard, presumably in Camden. (Am. Compl. ¶ 5-6.) When Bus 6002 stopped at the curb, Plaintiff started to load the bicycle onto the bicycle rack on the front of the bus. (Am. Compl. ¶ 8,

11.)¹ Plaintiff claims that the unknown bus operator "started berating him, not realizing he was deaf." (Am. Compl. ¶ 12.) Plaintiff alleges that even after he showed the driver a card that he carries stating that he is deaf, the operator "kept berating him" and "made motions to indicate to him that he was not allowed to put the small child's bicycle on the front of the bus." (Am. Compl. ¶ 13-16.) When Plaintiff attempted to carry the bicycle onto the bus, the driver "made motions to Plaintiff indicating that he was not allowed to carry the small child's bicycle onto the bus himself, while continuing to berate him." (Am. Compl. ¶ 18-19.) Plaintiff states that he and his son were "denied entry onto the bus" and the bus ultimately pulled away from the curb. (Am. Compl. ¶ 21-22.)

Plaintiff claims that he was discriminated by the unknown bus operator and denied entry onto the bus, a place of public accommodation, "because he could not hear the orally given directives of the [operator] and because he could not express himself orally to the Defendant." (Am. Compl. ¶ 24.) Plaintiff further alleges that the unknown bus operator "had an obligation to reasonably modify his method of communication with Plaintiff to effectively convey his instructions to Plaintiff once he learned or

---

[1] Plaintiff alleges he "knew how to load a small child's bicycle onto the bicycle rack on the front of the bus, having done so many times previously." (Pl. Amend. Compl. ¶ 10.)

should have realized that Plaintiff was a deaf individual" and "treated Plaintiff disparately from hearing riders of the bus." (Am. Compl. ¶ 25-26.) Finally, Plaintiff alleges New Jersey Transit is vicariously liable for the alleged conduct of the unknown operator. (Pl. Amend. Compl. ¶ 27.)

Plaintiff filed his original Complaint in the Superior Court of New Jersey, Special Civil Part, Camden County, on March 4, 2016. On March 11, 2016, Defendant New Jersey Transit removed this matter. On May 26, 2016, Plaintiff filed an Amended Complaint against Defendants New Jersey Transit and Unknown Operator of Bus 6002 alleging violations of Title II of the Americans with Disabilities Act ("ADA"), § 504 of the Rehabilitation Act, and the NJLAD, as well as intentional infliction of emotional distress.

## Applicable Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a claim based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are

taken into consideration.[1]  See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).  It is not necessary for the plaintiff to plead evidence.  Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977).  The question before the Court is not whether the plaintiff will ultimately prevail.  Watson v. Abington Twp., 478 F.3d 144, 150 (2007).  Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility[2] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  "Where there are well-pleaded factual allegations, a court should assume their veracity and then

---

[1] "Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment."  U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (internal quotation marks and citations omitted) (emphasis deleted).  Accord Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004) (citations omitted).

[2] This plausibility standard requires more than a mere possibility that unlawful conduct has occurred.  "When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id.

determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

The Court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness." Wyeth v. Ranbaxy Labs., Ltd., 448 F. Supp. 2d 607, 609 (D.N.J. 2006) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.")). Accord Iqbal, 556 U.S. at 678-80 (finding that pleadings that are no more than conclusions are not entitled to the assumption of truth). Further, although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (internal citations omitted). See also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." Twombly, 550 U.S. at 556 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## Discussion

Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.[3] The ADA defines "public entity" to include "any State or local government," id. § 12131 (1)(A), and additionally includes "any department, agency, special purpose district, or other instrumentality of a State or . . . local government," id. § 12131 (1)(B).

Under the section 504 of the Rehabilitation Act, "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be

denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]" 29 U.S.C. § 794(a).[4] For purposes of the RA, "program or activity" means "all of the operations of . . . a department, agency, special purpose district, or other instrumentality of a State or local government" or "the entity of such State or local government that distributes such [federal] assistance and each such department or agency (and each other State or local government entity) to which the [federal] assistance is extended, in the case of assistance to a State or local government[.]" Id. § 794(b)(1).

Under the NJLAD, it is "unlawful discrimination" for "any owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation directly or indirectly to refuse, withhold from or deny to any person any of the accommodations, advantages, facilities or privileges thereof, or to discriminate against any person in the furnishing thereof . . . on account of . . . disability." N.J. Stat. Ann. § 10:5-12(f)(l); see also id. § 10:5-4 ("All persons shall have the opportunity . . . to obtain all the accommodations, advantages, facilities, and privileges of any place of public accommodation . . . without discrimination because of . . . disability . . . subject only to conditions and limitations applicable alike to

all persons. This opportunity is recognized as and declared to be a civil right.")

To prevail on a claim under any of these statutes, a plaintiff must prove that he "'(1) has a disability; (2) was otherwise qualified to participate in a [public] program; and (3) was denied the benefits of the program or was otherwise subject to discrimination because of [his] disability.'" Stone v. New Jersey Admin. Office of the Courts, 557 Fed. Appx. 151, 153-54 (3d Cir. 2014) (quoting Chambers ex rel. Chambers v. School Dist. of Phila. Bd. of Educ., 587 F.3d 176, 189 (3d Cir. 2009)). In Stone, the Third Circuit specifically noted that claims under the ADA and RA must satisfy the above elements, id., and further held that "[b]ecause the NJLAD 'relies on the same analytical framework' as the ADA, claims under it can be addressed alongside those under the ADA." Id. at 154 (quoting McNemar v. Disney Store, Inc., 91 F.3d 610, 618 (3d Cir. 1996)).

Plaintiff's Amended Complaint is devoid of facts that suggest a causal relationship between his disability and the alleged injury. No facts tend to show that the bus driver treated Plaintiff differently from any other person, deaf or hearing, attempting to bring a bicycle onto the bus. In fact, the Amended Complaint states that the driver did not realize Plaintiff was deaf. (Am. Compl. ¶ 12.)

In addition, Plaintiff does not articulate how his disability required a special accommodation during his interaction with the bus driver and how that accommodation was not made. Rather, the Amended Complaint is clear that the driver effectively communicated with Plaintiff so that Plaintiff understood that he was not permitted to bring the bicycle on the bus.

Accordingly, Plaintiff's claims must be dismissed.[2] The unsupported conclusory statements that he was not permitted on the bus because of his disability are insufficient to withstand a motion to dismiss. The dismissal will be without prejudice to his right to file an amended complaint, if he can do so consistent with the direction in this Opinion. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) (explaining that Third Circuit precedent "supports the notion that in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile"). The Court notes, however, that the proposed Second Amended Complaint attached to Plaintiff's brief suffers from the same deficiencies that have been outlined above.

---

[2] In briefing, Plaintiff has withdrawn the claim against New Jersey Transit for intentional infliction of emotional distress, as it was based on a theory of *respondeat superior.* (Pl. Br., p. 14.)

## Conclusion

For these reasons, Defendant's motion to dismiss is granted. An Order will accompany this Opinion.

Dated: September 28, 2016         /s/ Joseph H. Rodriguez
                                                                        JOSEPH H. RODRIGUEZ
                                                                             USDJ