Peter Kober, Esq.
006481979
Kober Law Firm, LLC
1876 Greentree Rd
Cherry Hill, NJ 08003
856-761-5090
Attorney for Plaintiff, Mark Woloshin

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____

| | |
|---|---|
| MARK WOLOSHIN, | |
| Plaintiff | Civil Action No. 1:16-cv-01982-JHR-AMD |
| v. | |
| UNKNOWN OPERATOR OF NEW JERSEY TRANSIT BUS OPERATIONS BUS 6002, | **SECOND AMENDED COMPLAINT** |
| Defendant | Jury trial  [ x ] yes   [  ] no |

_____

PARTIES

1. Plaintiff, MARK WOLOSHIN, is an individual who resides at 421 State Street, Apartment B, in the City of Camden, County of Camden, and State of New Jersey, 08102.

2. Defendant, UNKNOWN OPERATOR OF NEW JERSEY TRANSIT BUS OPERATIONS BUS 6002, is an individual who was employed by New Jersey Transit Bus Operations, with offices at 350 Newton Avenue in the City of Camden, County of Camden, and State of New Jersey, 08103.

JURISDICTION

3. The basis for jurisdiction in this case is FEDERAL QUESTION, under 28 U.S.C. Section 1331 and Section 1343.

STATEMENT OF THE CASE

4. Plaintiff, MARK WOLOSHIN, is and was at all times relevant to this cause of action a disabled individual as a result of being deaf of hearing and unable to speak.

5. On June 3, 2015, at 3:54 P.M., Plaintiff, MARK WOLOSHIN, was at the bus stop on Broadway between Federal Street and Martin Luther King Boulevard, in the City of Camden, NJ accompanied by his young son and in possession of a small child's bicycle.

6. There he was awaiting the approach of the northbound 452 bus which he intended to board with his young son and ride home.

7. New Jersey Transit Bus Operations Bus No. 6002 pulled up to the curb at the bus stop at 3:54 P.M. which was the scheduled time.

8. New Jersey Transit Bus Operations Bus 6002 was operated by the Defendant, UNKNOWN OPERATOR OF NEW JERSEY TRANSIT BUS OPERATIONS BUS 6002.

9. Plaintiff, MARK WOLOSHIN, had observed other riders of New Jersey Transit Bus Operations buses, who were in possession of a bicycle, load a bicycle onto the bicycle rack on the front of the bus many times previously.

10. Plaintiff, MARK WOLOSHIN, had himself loaded a small child's bicycle onto the bicycle rack on the front of the bus many times previously.

11. On this occasion, Plaintiff, MARK WOLOSHIN, started to load the small child's bicycle onto the bicycle rack on the front of the bus.

12. When Plaintiff started to load the small child's bicycle onto the bicycle rack on the front of the bus, the Defendant, UNKNOWN OPERATOR OF NEW JERSY TRANSIT BUS

OPERATIONS BUS 6002, started berating him.

13. Plaintiff, MARK WOLOSHIN, then showed the Defendant, UNKNOWN OPERATOR OF NEW JERSEY TRANSIT BUS OPERATIONS BUS 6002, a card that he carries, stating that he is deaf.

14. The Defendant, UNKNOWN OPERATOR OF NEW JERSEY TRANSIT BUS OPERATIONS BUS 6002, looked at the card.

15. After looking at the card, the Defendant, UNKNOWN OPERATOR OF NEW JERSEY TRANSIT BUS OPERATIONS BUS 6002, made motions to indicate to Plaintiff that he was not allowed to put the small child's bicycle on the front of the bus, while continuing to berate him.

16. The Defendant, UNKNOWN OPERATOR OF NEW JERSEY TRANSIT BUS OPERATIONS BUS 6002, made no effort to attach the small child's bicycle onto the front of the bus himself.

17. Plaintiff, MARK WOLOSHIN, had observed other riders of New Jersey Transit Bus Operations buses, who were in possession of a small child's bicycle, carry a small child's bicycle onto the bus many times previously.

18. Plaintiff, MARK WOLOSHIN, then tried to carry the small child's bicycle onto the bus himself.

19. The Defendant, UNKNOWN OPERATOR OF NEW JERSEY TRANSIT BUS OPERATIONS BUS 6002, made motions to indicate to Plaintiff that he was not allowed to board the bus

3

while carrying the small child's bicycle onto the bus, while continuing to berate him.

20. The Defendant, UNKNOWN OPERATOR OF NEW JERSEY TRANSIT BUS OPERATIONS BUS 6002, made motions to indicate to Plaintiff that he was required to remain off the bus because he was carrying a small child's bicycle.

21. Plaintiff, MARK WOLOSHIN, was unable to engage in a spoken dialogue with Defendant, UNKNOWN OPERATOR OF NEW JERSEY TRANSIT BUS OPERATIONS BUS 6002, by reason of his being deaf and unable to speak.

22. The Defendant, UNKNOWN OPERATOR OF NEW JERSEY TRANSIT BUS OPERATIONS BUS 6002, closed the door, accelerated the engine, and pulled away from the curb, leaving Plaintiff and his young son standing on the curb.

23. Others similarly situated to Plaintiff, that is, in possession of a small child's bicycle when intending to board a New Jersey Transit Bus Operations bus, are permitted to either (1) load the small child's bicycle onto the bicycle rack on the front of the bus, or (2) carry the small child's bicycle onto the bus.

24. By being denied the opportunity to either (1) load the small child's bicycle onto the bicycle rack on the front of the bus, or (2) carry the small child's bicycle onto the bus by Defendant, UNKNOWN OPERATOR OF NEW JERSEY TRANSIT BUS OPERATIONS BUS 6002, Plaintiff, MARK WOLOSHIN, was intentionally treated differently from others similarly situated by the Defendant, UNKNOWN OPERATOR OF NEW JERSEY TRANSIT BUS OPERATIONS BUS 6002.

25. There was no rational basis for Defendant, UNKNOWN OPERATOR OF NEW JERSEY

TRANSIT BUS OPERATIONS BUS 6002's treatment of Plaintiff, MARK WOLOSHIN.

26. Defendant, UNKNOWN OPERATOR OF NEW JERSEY TRANSIT BUS OPERATIONS BUS 6002's conduct was outrageous, and the resulting emotional distress suffered by Plaintiff was so severe that no reasonable person could be expected to endure such distress.

## INJURIES

27. As a direct and proximate result of the acts of Defendant, UNKNOWN OPERATOR OF NEW JERSEY TRANSIT BUS OPERATIONS BUS 6002, Plaintiff, MARK WOLOSHIN, has suffered substantial mental and emotional distress and anguish, so severe that no reasonable person could be expected to endure such distress.

## COUNT I

### SECTION 1983 VIOLATION(S) BY DEFENDANT

28. Plaintiff, MARK WOLOSHIN, brings suit under 42 U.S.C. Section 1983.

29. Defendant, UNKNOWN OPERATOR OF NEW JERSEY TRANSIT BUS OPERATIONS BUS 6002, violated Plaintiff's rights as a class of one under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.

## COUNT II

### NJCRA VIOLATION(S) BY DEFENDANT

30. Plaintiff, MARK WOLOSHIN, brings suit under the NJCRA, N.J.S.A. 10:6-2(c).

31. Defendant, UNKNOWN OPERATOR OF NEW JERSEY TRANSIT BUS OPERATIONS BUS 6002, violated Plaintiff's rights as a class of one under the Constitution of the State of New Jersey, Article I Paragraph I.

## COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY DEFENDANT

32. The acts of Defendant, UNKNOWN OPERATOR OF NEW JERSEY TRANSIT BUS OPERATIONS BUS 6002, constituted the tort of intentional infliction of emotional distress for which the Defendant is liable in damages.

## RELIEF SOUGHT

WHEREFORE, Plaintiff, MARK WOLOSHIN, requests judgment against Defendant, UNKNOWN OPERATOR OF NEW JERSEY TRANSIT BUS OPERATIONS BUS 6002, for compensatory damages, punitive damages, reasonable attorney's fees, and costs of suit.

## JURY DEMAND

Plaintiff requests a trial by jury of all issues which are triable by a jury.

Respectfully submitted,

__s/ Peter Kober__
Peter Kober, Esq.

DATED: October 24, 2016